■ HEMPSTEAD RESOURCES RECOVERY CORP., Appellant, v LONG ISLAND LIGHTING Co., Respondent. — Judgment, Supreme Court, New York County (Evans, J.), entered July 30, 1982 denying petition to stay arbitration of Claim No. 2 in respondent's demand to arbitrate is affirmed, with costs. Although the formula for fixing damages is styled a penalty in the agreement between the parties, that designation is not dispositive. (See *Truck Rent-A-Center v Puritan Farms 2nd,* 41 NY2d 420, 425.) When the provision is considered in light of the facts established in this record, it is apparent that the formula represented a reasonable estimate by the parties at the time they entered into their agreement for fixing the injury that would be sustained as a result of a breach. Accordingly, we agree with Special Term that the provision in question was one for "liquidated damages", and does not violate public policy. Concur — Sandler, J. P., Carro, Lynch and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY KLEIN, Appellant. — Judgment of the Supreme Court, Bronx County (Mazur, J.), rendered on March 2, 1981, convicting the defendant, following a jury trial, of 25 counts of grand larceny in the second degree and 25 counts of falsifying business records in the first degree and sentencing him to an indeterminate term of imprisonment of from one to four years, is unanimously modified, on the law, to the extent of reversing the convictions on Counts Nos. 1 to 18, and dismissing those counts and otherwise affirmed. The People contend that the defendant stole money from Allstate Insurance Company and made false entries in its records when he issued 25 sight drafts to payees who did not have valid claims. Nine of those drafts, corresponding to the first 18 counts of the indictment, concerned a claim involving a reported accident in which Frank Dellibovi's automobile struck a wall, causing physical injury. However, no evidence was elicited at trial that this accident did not, in fact, occur and that the payments made to the insured did not represent expenses actually incurred by Dellibovi. Thus, there was a lack of proof that the defendant, with the intent to deprive another of property or appropriate the same to himself or to a third party, wrongfully took, obtained or withheld Allstate's money through common-law larceny by trick, embezzlement, false pretenses or any of the other statutory definitions contained in section 155.05 of the Penal Law. Concur — Sandler, J. P., Carro, Lynch and Milonas, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS BORDONE, Appellant. — Judgment, Supreme Court, Bronx County (D. Sullivan, J.), rendered on June 16, 1981, unanimously affirmed. The case is remitted to the Supreme Court, Bronx County, for further proceedings pursuant to CPL 460.50 (subd 5). No opinion. Concur — Ross, J. P., Asch, Silverman, Bloom and Fein, JJ.